IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY | ) | |

<u>OPINION AND ORDER</u>

This cause is before the court on the motions to continue trial filed by defendants Milton E. McGregor, Thomas E. Coker, Larry P. Means, James E. Preuitt, Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby.  Jury trial for all defendants is currently set for October 3, 2011.  Defendants have proposed that trial be set for early 2012.  In a separately filed motion for continuance, the government proposed that the trial begin on October 31, 2011.  For

the reasons set forth below, the defendants' motions will be granted and the trial will be reset for January 9, 2012.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."

18 U.S.C. § 3161(e).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance

2

would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and all defendants in receiving a trial on the currently scheduled date.

As a preliminary matter, the court notes that the government has moved for severance and seeks to proceed with three separate trials, rather than one trial against all defendants.  This order does not address, let alone resolve, that motion, but the possibility of severance does provide background for the analysis that follows.

First, the defendants have demonstrated that, notwithstanding their best efforts and regardless of

whether they are tried together or separately, defense counsel will need additional time to obtain, review, and analyze the thousands of pages of transcripts from the first trial so that they can provide an effective defense for their clients.  <u>See</u> § 3161(h)(7)(B)(i).  A continuance to January 9, 2012, would provide sufficient time for the necessary review of the evidence in this case.

Second, the court recognizes that the first trial took approximately ten weeks.  Regardless of whether there is one retrial or three, there is no reason to believe that the total trial time will be substantially reduced.  Were the retrial to begin in October, November, or December 2011, the holidays would require two or more large breaks in the proceedings.  These frequent and large breaks would strain the jury's ability to remember details of the complex evidence likely to be presented, thereby hindering its ability to reach a just verdict.  Moreover, obligations to friends and family during that

time period would strain the jury's ability to accommodate trial and counsel's ability prepare for trial. Continuing the trial until January 9 would guard against a miscarriage of justice by ensuring counsel have adequate time to prepare and that the jury receives an uninterrupted presentation of the evidence and is allowed to prepare for and celebrate the holiday season. See § 3161(h)(7)(B)(i).

Third, the court recognizes that there are a number of pending motions related to the first trial that must be resolved before any retrial can take place. Similarly, pretrial motions related to the retrial have also been filed. These motions appear to involve complex and novel questions of law and, without a continuance, the court will be unable to give them proper attention. See § 3161(h)(7)(B)(ii). A continuance to January 9 is sufficient for adequate consideration of these pending matters.

Because, as the court finds, "the ends of justice served by [granting a continuance until January 9, 2012,] outweigh the best interest of the public and the defendant[s] in a speedy trial," § 3161(h)(7)(A), the period of time from the date of this order to January 9, 2012, is excludable under the Speedy Trial Act.

***

Accordingly, it is ORDERED as follows:

(1) Defendants Milton E. McGregor's, Thomas E. Coker's, Larry P. Means's, James E. Preuitt's, Harri Anne H. Smith's, Jarrell W. Walker, Jr.'s, and Joseph R. Crosby's motions to continue trial (doc. nos. 1696, 1700, 1701, 1703, 1704, 1705, 1709, and 1721) are granted.

(2) The jury selection and trial for defendants McGregor, Coker, Means, Preuitt, Smith, Walker, and Crosby, now set for October 3, 2011, are reset for January 9, 2012, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

    (3) The government's motion to continue (doc. no. 1697) is denied as moot.

    DONE, this the 29th day of August, 2011.

                                         <u>/s/ Myron H. Thompson</u>
                                        **UNITED STATES DISTRICT JUDGE**