IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                          ) | CRIMINAL ACTION NO. |
| ) | 2:10cr186-MHT |
| MILTON E. McGREGOR,         ) | (WO) |
| THOMAS E. COKER,            ) | |
| LARRY P. MEANS,             ) | |
| JAMES E. PREUITT,           ) | |
| HARRI ANNE H. SMITH,        ) | |
| JARRELL W. WALKER, JR.,     ) | |
| and JOSEPH R. CROSBY        ) | |

## OPINION AND ORDER

This case is before the court on the government's motion to continue trial. Jury trial for all defendants is currently set for January 9, 2012. The government has proposed that trial be set for January 30, 2012. All defendants consent to this request. For the reasons set forth below, the government's motion will be granted and the trial will be reset for January 30, 2012.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v.

<u>Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."

18 U.S.C. § 3161(e). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to

expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

For the reasons given in the government's current continuance motion (in particular, the scheduling conflicts), the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and all defendants in receiving a trial on the currently scheduled date.

Because, as the court finds, "the ends of justice served by [granting a continuance until January 30, 2012,] outweigh the best interest of the public and the defendant[s] in a speedy trial," § 3161(h)(7)(A), the period of time from the date of this order to January 30, 2012, is excludable under the Speedy Trial Act.

***

Accordingly, it is ORDERED as follows:

(1) The government's motion to continue trial (Doc. No. 1849) is granted.

(2) The jury selection and trial for defendants

Milton E. McGregor, Thomas E. Coker, Larry P. Means, James E. Preuitt, Harri Ann H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby, now set for January 9, 2012, are reset for January 30, 2012, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

DONE, this the 4th day of October, 2011.


                                                    /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE