IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY | ) | |

OPINION AND ORDER

The government moves to exclude two FBI agents from mandatory sequestration under Federal Rule of Evidence 615. According to the government, having two agents in the courtroom during the lengthy retrial of this public-corruption case would provide logistical and case-specific expertise. For the reasons that follow, the government's motion will be granted.

# I.   STANDARD UNDER RULE 615

Parties may invoke Federal Rule of Evidence 615 to sequester witnesses at trial "as a means of discouraging and exposing fabrication, inaccuracy, and collusion." Fed. R. Evid. 615 Comm. Notes.   Rule 615, however, provides exceptions to mandatory sequestration: The "rule does not authorize excluding ... (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [or] (c) a person whose presence a party shows to be essential to presenting the party's claim or defense."   For clarity, the court refers to the government's agents as "representatives" under Rule 615(b) and "essential-presence" agents under Rule 615(c).[1]

It is undisputed that the government is entitled to one representative at counsel table under Rule 615(b).

---

1.   In 2011, Rule 615 was amended to change subsection headings from numbers to letters.   For example, former Rule 615(2) is now Rule 615(b).

In re United States, 584 F.2d 666, 667 (5th Cir. 1978).[2]

District courts have discretion whether to permit more than one government agent at counsel table during trial. United States v. Ratfield, 342 F. App'x 510, 512 (11th Cir. 2002) (per curiam) (abuse of discretion standard).

The circuit courts are divided as to which provision of Rule 615 permits multiple agents.  The Fourth and Sixth Circuit Courts of Appeals have limited the government to one representative under Rule 615(b) and one "essential-presence" agent under Rule 615(c).  United States v. Pulley, 922 F.2d 1283, 1286 (6th Cir. 1991); United States v. Farnham, 791 F.2d 331, 335-36 (4th Cir. 1986). By contrast, the Second Circuit Court of Appeals has permitted multiple representatives under Rule 615(b). United States v. Jackson, 60 F.3d 128, 134-35 (2d Cir. 1995).  The distinction between the two subsections is

---

2.   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not merely academic.    Rule 615(b) is a mandatory

exception, whereas Rule 615(c) requires the government to

make a showing that the second agent is essential to the

presentation of its case.

It is unclear which side of this conflict controls in

this case.   In binding precedent in <u>United States v.</u>

<u>Alvarado</u>, 647 F.2d 537 (5th Cir. June 8, 1981), the

former Fifth Circuit Court of Appeals held that Rule 615

permits two government agents at trial.[3]   The appellate

court reasoned that "the decision as to how many will be

excused from sequestration is just as discretionary with

the trial judge as who will be excused."  <u>Id</u>. at 540.

The court, however, was circumspect as to its reasoning.

The court's discussion of the issue is only three

paragraphs long and concludes that "adequate grounds

existed for excusing both [agents] under the <u>second and</u>

<u>third exceptions</u> to the rule."  <u>Id</u>. (emphasis added).

---

3.   <u>See supra</u> note 2.

4

One reading of <u>Alvarado</u> is that the district court may exempt two or more representatives under Rule 615(b), notwithstanding the use of the singular word "person" throughout the rule.[4]  An alternative interpretation is that Rule 615's provisions work in tandem to authorize two agents at trial.[5]  Under this reading, the government has a right to one representative under Rule 615(b), but it must demonstrate under Rule 615(c) that the additional agent is "essential to presenting the party's claim or defense."  Fed. R. Evid. 615(c).  In conducting the Rule 615 analysis, the district court would parse between "representative" and "essential-presence" agents.  The latter inquiry would focus on the complex nature of the case and the agent's expertise.

The sole Eleventh Circuit Court of Appeals case that cites <u>Alvarado</u> for its sequestration holding is similarly

---

4.   The Sixth Circuit interpreted <u>Alvarado</u> as standing for mandatory exemption of two agents.  <u>Pulley</u>, 922 F.2d at 1285-86.

5.   The Fourth Circuit read <u>Alvarado</u> as adopting this view.  <u>Farnham</u>, 791 F.2d at 335.

opaque.   In <u>Ratfield</u>, the court cited both Rule 615(b) and 615(c) in allowing the government's use of two agents as summary witnesses.  The <u>Ratfield</u> court emphasized  the complexity of the tax evidence at trial and thus implied that Rule 615(c) was relied on for one of the agents. 342 F. App'x at 512-13.

Additionally, the current Fifth Circuit Court of Appeals has acknowledged <u>Alvarado</u>'s ambiguity. Immediately after providing a block quote from <u>Alvarado</u>, the appellate court noted: "[T]his holding may not be broad enough, however, to exempt more than one case agent <u>solely because he is a representative of a party</u>.  The <u>Alvarado</u> court found adequate grounds under both the second and third exceptions to Rule 615 for allowing both government agents to remain in court during trial." <u>United States v. Payan</u>, 992 F.2d 1387, 1394 (5th Cir. 1993) (emphasis added).   The Fifth Circuit, however, declined to clarify <u>Alvarado</u>.  <u>Id</u>. at 1394-95 (finding no prejudice against the defendants).    See also United

States v. Hickman, 151 F.3d 446, 453 (5th Cir. 1998)

("This court has never directly decided whether the

Government can designate more than one individual as its

representative under Rule 615(2)."), vacated on other

grounds by 179 F.3d 230 (5th Cir. 1999) (en banc).


## II.  DISCUSSION

This court declines to prognosticate the outcome of

this circuit conflict.   Because the government has met

its burden under Rule 615(c), it will be permitted to

have two agents seated at counsel table throughout the

retrial.

During the first trial, the government had one

representative  at  counsel  table:  FBI  agent  John

McEachern.[6] For the retrial, the government has requested

that  FBI  Agent  Nathan  Langmack  be  designated  its

---

6.   Given the numerous opinions already issued in
this case, the court assumes a certain familiarity with
the facts.  For a thorough discussion of this litigation,
see United States v. McGregor, ___ F. Supp. 2d ___, 2011
WL 5025835 (M.D. Ala. Oct. 20, 2011).

representative under Rule 615(b) and FBI agent Keith Baker be designated an "essential-presence" agent under Rule 615(c).  Conference Call Transcript (Doc. No. 2158) at 9.  As Rule 615(b) is a mandatory exception to the sequestration rule, the government is entitled to appoint Langmack as its representative.

As the case agent for this investigation, Baker has a wealth of knowledge about the vote-buying conspiracy alleged in the Indictment.  During an on-the-record conference call, the government explained that Baker was "indispensable" and described instances during the first trial when it was unable "to get the information [it] needed as quickly because the person who had the most relevant information was Agent Baker, and of course, because he wasn't in the courtroom and was covered by the rule on witnesses, [the government was] hampered in what [it] could tell him about what was going on with the in-court presentation."  Id. at 11.  The government also noted that Baker and the other agents had been "living

with the case and ... understanding it and listening to the tapes far longer than any of the counsel for the government." Id. at 6.

The government further relies on the fact that this case presents exceptional practical difficulties for a trial team. The exhibits include hundreds of wiretapped phone calls, and the retrial is expected to last for approximately two months. Indeed, this court has often commented on the complexity, scale, and lengthy duration of this case. See, e.g., United States v. McGregor, ___ F. Supp. 2d ___, 2011 WL 6959939, *1 (M.D. Ala. Dec. 9, 2011) (noting the "logistical burdens associated with a trial of this magnitude"). Given this context and Baker's expertise with the investigation, the government has established that he is an "essential-presence" agent under Rule 615(c).

These logistical factors also favor having two agents seated at counsel table. Although one representative is common practice in federal criminal trials, this seven-

9

defendant case is not norm.  Moreover, the two agents'

expertise complement one another.  While Baker has

extensive knowledge of the case as a whole, Langmack is

the government's wiretapped-calls specialist.  In light

of the expected significance and number of wiretapped

calls that will be played at the retrial trial, Langmack

and Baker bring different skill sets to counsel table

that justify permitting the government to have two agents

exempted from Rule 615.

The defendants point out that the government's

proposal means that three agents--McEachern, Langmack,

and McEachern--will have heard witness testimony at one

of the trials.  McGregor Brief (Doc. No. 2111) at 3

(citing United States v. Juarez, 573 F.2d 267, 281 (5th

Cir. 1978) (rejecting Sixth Amendment public-trial

challenge to the sequestration of defense witnesses

during closing arguments because of potential prejudice

at any retrial)).  While this fact raises more concerns

than if McEachern were seated at counsel table during the

retrial, the government has represented that, at this point, it does not intend to call Baker or McEachern to the testify.  Conference Call Transcript (Doc. No. 2158) at 14.

* * *

During the retrial, FBI agent Nathan Langmack will serve as the government's appointed representative under Rule 615(b) and FBI agent Keith Baker will serve as the government's "essential-presence" agent under Rule 615(c).

Accordingly, it is ORDERED that the government's motion for two representatives (Doc. No. 2106) is granted.

DONE, this the 25th day of January, 2012.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE